IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51707

| | |
|---|---|
| **In the Interest of:** ) | |
| **John Doe I and Jane Doe I, Children** ) | |
| **Under Eighteen (18) Years of Age.** ) | |
| **STATE OF IDAHO, DEPARTMENT OF** ) | |
| **HEALTH AND WELFARE,** ) | **Filed: July 9, 2024** |
| ) | |
| **Petitioner-Respondent,** ) | **Melanie Gagnepain, Clerk** |
| ) | |
| **v.** ) | **THIS IS AN UNPUBLISHED** |
| ) | **OPINION AND SHALL NOT** |
| **JANE DOE (2024-15),** ) | **BE CITED AS AUTHORITY** |
| ) | |
| **Respondent-Appellant.** ) | |
| ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Benjamin Andersen, Twin Falls County Public Defender; Adam J. Ondo, Deputy Public Defender, Twin Falls, for appellant.

Hon. Raúl R. Labrador, Attorney General; James Thomas Baird, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Jane Doe (2024-15) (Doe) appeals from the magistrate court's judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor children involved in this action. John Doe I was born in 2014 and Jane Doe I was born in 2016. Doe has a history of substance abuse and mental health concerns. Since the children were born, Doe has been incarcerated four times for drug-related offenses and their father cared for them while she was in prison. The children's father passed away, and the children were then under their paternal grandmother's guardianship after his death

1

and prior to Doe's release from prison. This case began in June 2022, five months after Doe was released from prison, when Doe called law enforcement because she believed she was being followed and she was walking in the street. Doe said that her children were not safe. When police arrived, Doe admitted to using methamphetamine and that no one was available to care for her children. Law enforcement declared the children in imminent danger and notified the Department of Health and Welfare, and the children were placed in foster care.

In August 2022, the magistrate court approved a case plan for Doe with a permanency goal of continued efforts toward reunification with the children. The magistrate court subsequently held periodic status and review hearings. However, little progress was made by Doe on her case plan tasks. In May 2023, the Department filed a petition seeking termination of Doe's parental rights. In January 2024, a trial on the Department's petition was held. After finding by clear and convincing evidence that Doe neglected the children and that termination of her parental rights is in the children's best interests, the magistrate court terminated Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported on objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the magistrate court's findings that she neglected her children, and that termination of her parental rights is in the children's best interests. Specifically, Doe argues the

magistrate court erred in finding that she did not provide proof that she was successfully discharged from inpatient treatment. The Department responds that substantial and competent evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

## A.     Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where

the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). In this case, the magistrate court terminated Doe's parental rights after determining that the Department had proven both counts of neglect alleged in the termination petition for failure to provide proper parental care and control and failure to complete the case plan.

Doe takes issue with a single finding in the magistrate court's thirty-six page findings of fact and conclusions of law. Specifically, the magistrate stated: "[Doe] has provided no proof she was successfully discharged from inpatient treatment and has given no proof of being in any treatment since inpatient treatment ended." Doe points out that proof of completion of inpatient treatment was submitted, as there was admitted into evidence a certificate of completion of "partial hospitalization drug and alcohol treatment program." Doe provides no argument as to how this lack of documentation finding affects the magistrate court's other substantial factual findings and conclusions of neglect.

With regard to substance abuse treatment, the magistrate court found that Doe had failed to complete a substance abuse treatment program. The magistrate court specifically noted, "[Doe] has not ever successfully completed drug treatment and *stayed clean* or provided proof of that." (emphasis added). Doe testified that she did not focus while in the drug treatment portion of the program because she "already has so much knowledge of the curriculum in drug addiction." Further, the magistrate court found when asked if Doe was seeing a counselor or involved in Narcotics Anonymous (NA), she denied attending. Doe acknowledged not reporting to her social worker regularly. The magistrate court also included the testimony provided by Doe's social worker that Doe had completed the inpatient program, but never participated in drug-testing requirements that followed the treatment, or aftercare.

The magistrate court found that the substance abuse treatment was not the only task in the case plan that Doe did not complete. Doe missed twenty of the fifty-one visits scheduled with her children. The magistrate court found she lacked parenting abilities when, during a visit, fed the children stew with broken glass in it and responded, "it's not going to hurt them." During the visits she did attend, a visitation supervisor testified that Doe would often want to leave early from

4

her one-hour visits, want to nap, arrive intoxicated, and would get aggressive towards the supervisor. At one of the visitations, the police were called due to her aggression towards the supervisor. Testimony from the visitation supervisor reflected that Doe had made good use of her time with the children in only seven of the thirty-one visits. Further, Doe has not had stable employment and refused to tell the magistrate court how she made her mortgage payments, stating "I help people and they help me."

A review of the record shows the magistrate court considered Doe's treatment and found that she failed to comply with her case plan because she did not provide proof of her continued sobriety. Even if there was a certificate of completion, the mere completion of the inpatient program does not mean she has completed the task required in the case plan when she did not provide proof of her continued sobriety to the Department. The magistrate court's findings regarding Doe's noncompliance with this task in her case plan are supported by substantial and competent evidence. Accordingly, Doe has failed to show the magistrate court erred in finding that she neglected the children due to her failure to comply with all of the tasks in her case plan.

As noted, the magistrate court also found that Doe neglected the children by failure to provide proper parental care and control. These findings are unchallenged. Therefore, we affirm the finding of neglect on this basis. *See Fischer v. Fischer*, 92 Idaho 379, 382, 443 P.2d 463, 466 (1968) (recognizing that appellate court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory). Even if there was not an alternative ground on which to affirm the magistrate court's statutory basis for termination, we hold there was sufficient evidence to support the magistrate court's finding that Doe neglected the child under I.C. § 16-2005(1)(b).

**B.     Best Interests of the Children**

Once statutory grounds for termination have been established, the trial court must next determine whether it is in the best interests of the children to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the children's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the children's care after the children are placed in protective custody, the improvement of the children while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the

5

law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the children to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in the children's best interests. The magistrate court found history instructive when evaluating the best interests of the children. The magistrate court noted Doe's drug convictions, which resulted in her being incarcerated four times since the children have been born. The magistrate court found:

> After over 15 months in custody, the minor children are in extreme need of stability and permanency. [Doe] is in no current position to provide that necessary stability and permanency. She would require many more months now if she even started working with the Department on reunification. Whether she will in the future be able to do so is in serious doubt given the status of her lack of follow-through and her communication with the Department and her history. The minor children have made significant progress in their foster placement. Additionally, the licensed Social Worker was of the opinion that termination was in the minor children's best interests.

The magistrate court found Doe's history and on-going challenges with her addiction provided clear and convincing evidence that Doe cannot provide the children with a safe, stable, and permanent home.

On appeal, Doe again argues that the magistrate court erred because the magistrate court erroneously found that Doe had not provided proof of completion of the inpatient treatment program. Doe claims that evidence that she successfully completed treatment "suggests she can make substantial changes in her life." Doe argues that the magistrate court's error "was not harmless as it pertains to the best interests analysis, as amenability to treatment is a factor to be considered for purposes of best interests."[1] However, like her arguments in relation to the magistrate court's findings of neglect, Doe supports her argument by highlighting one aspect of an effort she has made and the bond she shares with the children. The magistrate court noted in the findings that "clearly, she was not willing to change her behaviors to get her children back." A review of the record shows the evidence Doe relies on in support of her argument was considered by the magistrate court. Doe's argument, therefore, essentially asks this Court to reweigh evidence

---

[1] For this proposition, Doe cites only to a comment in the magistrate's court's best interests analysis that a parent's shortfalls are a factor in the bests interests analysis.

presented at trial, which we will not do. *See Doe* (2022-22), 171 Idaho at 282, 519 P.3d at 1222. The magistrate court's findings are supported by substantial and competent evidence and therefore support its determination, by clear and convincing evidence, that termination of Doe's parental rights is in the best interests of the children. As such, Doe has failed to show that the magistrate court erred in finding that terminating her parental rights is in the children's best interests.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's determination that Doe neglected the children, and that termination of her parental rights is in the best interests of the children. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.